# MAYER | BROWN

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910
www.mayerbrown.com

June 1, 2021

**Margaret L. Wheeler-Frothingham**
T: +1 212 506 2142

mwheelerfrothingham@mayerbrown.com

**Via ECF**

The Honorable Paul A. Engelmayer
United States District Judge, S.D.N.Y.
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1305
New York, New York 10007

> Re: *Capri Sun GmbH v. American Beverage Corporation*; 1:19-cv-01422 (PAE)
> Identification of Sealed and Redacted Documents

Dear Judge Engelmayer:

We represent Plaintiff Capri Sun GmbH ("Capri Sun") in the above-referenced civil action. We write concerning the procedure for filing Plaintiff's Memorandum of Law in Support of Capri Sun's Motion for Summary Judgment, Rule 56.1 Statement of Material Facts in Support of Capri Sun's Motion for Summary Judgment, Motion to Exclude ABC's Expert Witness Erich Joachimsthaler, and Motion to Exclude ABC's Expert Witness Hal Poret.

Capri Sun believes that each of these documents requires filing under seal with the Court. Pursuant to this Court's Individual Practice Rule 4(B)(2), we also write to identify the exhibits that Capri Sun requests to be filed under seal and the exhibits that Capri Sun seeks to file with redactions, as well as the bases for sealing or redacting those documents.

Capri Sun respectfully submits that good cause exists for the sealing and/or redactions it proposes, as each of the documents or passages identified for sealing or redaction is not only designated "Confidential" or "Attorneys' Eyes Only" pursuant to the July 28, 2019 Protective Order in this matter, Doc. No. 38, but also falls into one or more of the following categories that further justify sealing, namely: "[a]ll of these documents 'fall[ ] into categories commonly sealed[:] those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.' . . . Non-public data of this nature 'is sensitive and potentially damaging if shared with competitors.'" *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, No. 1:19-CV-010125 (ALC), 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (*quoting Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC*, 335 F. Supp.

3d 566, 600 (S.D.N.Y. 2018) and *New York v. Actavis, PLC*, No. 14 Civ. 7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) .

The documents and/or information that Capri Sun seeks to seal or redact fall within one or more of four categories of protected information, as further detailed below.

> 1. *Confidential business/marketing strategy documents, including internal, confidential and commercially sensitive business communications concerning marketing, existing products, new products, and current or potential customers and/or confidential competitive analysis that, if made public, would commercially or competitively disadvantage the disclosing party.*

As to these documents, this Court has recently noted that "'Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard'" and that "'[d]ocuments falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.'" *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021), granting motion to seal and quoting *Rensselaer Polytechnic Inst. v. Amazon.com, Inc.*, 2019 WL 2918026, at *2 (N.D.N.Y. June 18, 2019) and *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) . *See also Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales).

> 2. *Sensitive agreements with business counterparties or information regarding negotiations with contract counterparties that, if made public, would commercially or competitively disadvantage the disclosing party or its business partners, or would harm the disclosing party's ability to enter into such negotiations or agreements with third parties in the future.*

Documents of this nature – containing information revealing the terms of such contracts or the content of such confidential negotiations are among those this Court routinely recognizes as justifying protection from the public view when used in litigation. *See Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 U.S. Dist. LEXIS 53529, at *2 (S.D.N.Y March 22, 2021) (granting motion to redact and seal documents containing the terms of confidential trademark licensing agreements between RBL and its licensees and noting that "[d]isclosure of these contractual terms could harm RBL and/or its business partners by disadvantaging them in negotiating future licensing agreements. Indeed, courts in this District have granted motions to seal in order to protect these sorts of competitive interests."); *Id.* at *3 (noting that redaction of "materials contain confidential information concerning marketing strategy as well as terms of agreements between RBL and its licensees and related invoices that concern the funding of the program. . . are warranted to prevent competitive harm to RBL and its business partners based on the information contained in these documents"); *Skyline Steel, LLC v. PilePro*, LLC, 101 F. Supp. 3d 394, 412–13 (S.D.N.Y. 2015),

on reconsideration in part, No. 13-CV-8171 (JMF), 2015 WL 3739276 (S.D.N.Y. June 15, 2015) (granting motion to seal emails revealing confidential negotiations between Skyline and its customers).

> 3. *Highly confidential non-public financial information and analysis that, if made public, would commercially or competitively disadvantage the disclosing party.*

Confidential corporate financial documents and budgets are among those documents frequently recognized by this Court as appropriately sealed. *See*, *e.g.*, *See Louis Vuitton Malletier S.A.*, 97 F. Supp. 3d at 511 (granting motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal documents containing highly proprietary material concerning the party's marketing strategies, product development, costs and budgeting); *Skyline Steel, LLC,* 101 F. Supp. 3d at 412, on reconsideration in part, No. 13-CV-8171 JMF, 2015 WL 3739276 (S.D.N.Y. June 15, 2015) (granting motion to seal highly confidential sales information, including pricing information which is not available to the public).

> 4. *Excerpts of deposition transcripts and expert reports that include or discuss any of the above-mentioned categories.*

The deposition transcripts or expert reports that Capri Sun seeks to seal or redact contain information that falls into the above three categories, and thus warrants protection. *See*, *e.g.*, *See Rubik's Brand Ltd.*, 2021 U.S. Dist. LEXIS 53529 at *2 (granting motion to redact portions of excerpt of deposition and noting that "the proposed redactions cover material that, if disclosed, would competitively harm Flambeau. For instance, a competitor could use information concerning sales figures to upend the puzzle cube market and disrupt the Quick Cube's business model.").

Capri Sun has redacted expert reports and expert deposition transcripts where appropriate. Capri Sun notes that the transcripts of fact witness depositions are so pervaded with the commercially sensitive, private information described in categories 1-3 above that redactions would be impracticable. Accordingly, Capri Sun respectfully request that fact witness deposition transcripts remain under seal.

Capri Sun thanks the Court for its time and consideration.

Respectfully submitted,

*/s/ Margaret L. Wheeler-Frothingham*
Margaret L. Wheeler-Frothingham

cc: All counsel of record (*via ECF*)

Granted.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

June 4, 2021