# Holland & Knight

10 St. James Avenue | Boston, MA 02116 | T 617.523.2700 | F 617.523.6850
Holland & Knight LLP | www.hklaw.com
Mark T. Goracke | +1 617-305-2146 | Mark.Goracke@hklaw.com

June 2, 2021

**VIA ECF**
The Honorable Paul A. Engelmayer
United States District Judge, S.D.N.Y.
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1305
New York, New York 10007

  Re: *Capri Sun GmbH v. American Beverage Corp.*, 1:19-cv-01422 (PAE)

Dear Judge Engelmayer:

  We represent Defendant American Beverage Corporation ("ABC") in the above-referenced civil action. Pursuant to Rule 4(B)(2) of the Court's Individual Rules and Practices in Civil Cases and the Protective Order entered in this action (DE 38), ABC respectfully moves this Court for an order: (1) sealing certain documents filed in support of ABC's Motion for Summary Judgment and its Motion to Partially Exclude the Testimony of Joel H. Steckel and (2) granting leave to file certain documents filed in support of those motions with redactions, for the reasons set forth herein.

  On July 8, 2019, the Court entered a Protective Order in this action that governs the use of confidential discovery materials. Pursuant to the Protective Order, information or materials produced by any party or nonparty as part of discovery in this action may be designated as "CONFIDENTIAL" or "OUTSIDE COUNSEL'S EYES ONLY." *See* DE 38 at Article 5. Furthermore, the Protective Order specifies that "the Party seeking to file or submit the Protected Material to the Court shall request that the portion(s) of the document(s) containing the Protected Materials be filed under seal by way of a written application and proposed order, along with the portion(s) of the document(s) submitted for filing under seal, in accordance with the local rules." *See* DE 38 at Article 13. Discovery between ABC and Capri Sun GmbH (the "Parties") has been ongoing for almost two years, and the Parties have exchanged materials and information designated "CONFIDENTIAL" and "OUTSIDE COUNSEL'S EYES ONLY" as those terms are defined in the Protective Order.

  Contemporaneously with the filing of this letter motion, ABC is also filing (1) a Motion for Summary Judgment, which includes (a) the Declaration of Mark T. Goracke dated June 2, 2021, together with the exhibits annexed thereto, (b) the Declaration of John H. Anderson dated June 1, 2021, together with the exhibits annexed thereto, (c) the Declaration of Ilene Bergenfeld dated June 1, 2021, (d) an accompanying Rule 56.1 Statement of Undisputed Facts, and (e) an accompanying Memorandum of Law; and (2) a Motion to Partially Exclude the Testimony of Joel H. Steckel, which includes (a) the Declaration of Mark T. Goracke dated June 2, 2021, together with exhibits annexed thereto, and (b) an accompanying Memorandum of Law.

ABC intends to rely on and submit to this Court materials and information designated "CONFIDENTIAL" and "OUTSIDE COUNSEL'S EYES ONLY" in connection with its Motion for Summary Judgment and Motion to Partially Exclude the Testimony of Joel H. Steckel. Pursuant to Rule 4(B)(2) of the Court's Individual Rules and Practices in Civil Cases, ABC writes to identify the documents that ABC requests to be filed under seal and the documents that ABC seeks to file with redactions, as well as the bases for sealing or redacting those documents.

ABC respectfully submits that good cause exists for sealing the documents listed in the attached Exhibit A and granting leave to file the documents listed in the attached Exhibit B with redactions because (1) each of the documents identified is designated "CONFIDENTIAL" and "OUTSIDE COUNSEL'S EYES ONLY" pursuant to the protective order; and/or (2) because the documents also fall into one of more of the following categories that further justifies sealing or redaction. *See Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, No. 1:19-CV-010125 (ALC), 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (*quoting Hypnotic Hats, Ltd. v. Wintermantel Enterprises, LLC*, 335 F.Supp.3d 566, 600 (S.D.N.Y. Sept. 28, 2018) and *New York v. Actavis, PLC*, No. 14 Civ. 74732014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) for the proposition that "[a]ll of these documents 'fall[ ] into categories commonly sealed[:] those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.' . . . Non-public data of this nature 'is sensitive and potentially damaging if shared with competitors.'").

Category 1: *Confidential business/marketing strategy documents, including internal, confidential and commercially sensitive business communications concerning marketing, existing products, new products, and current or potential customers and/or confidential competitive analysis that, if made public, would commercially or competitively disadvantage the disclosing party.*

This Court has recently noted that "'Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard'" and that "'[d]ocuments falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.'" *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021), granting motion to seal and quoting *Rensselaer Polytechnic Inst. v. Amazon.com, Inc.*, 2019 WL 2918026, at *2 (N.D.N.Y. June 18, 2019) and *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999). *See also Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales).

Category 2: *Highly confidential non-public financial information and analysis that, if made public, would commercially or competitively disadvantage the disclosing party.*

Confidential corporate financial documents and budgets are among those documents frequently recognized by this Court as appropriately sealed. *See, e.g., See Louis Vuitton Malletier*

*S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal documents containing highly proprietary material concerning the party's marketing strategies, product development, costs and budgeting); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412 (S.D.N.Y. 2015), on reconsideration in part, No. 13-CV-8171 JMF, 2015 WL 3739276 (S.D.N.Y. June 15, 2015) (granting motion to seal highly confidential sales information, including pricing information which is not available to the public).

Category 3: *Excerpts of deposition transcripts and expert reports that include or discuss any of the above-mentioned categories.*

The deposition transcripts or expert reports that ABC seeks to seal or redact contain information that falls into the above two categories, and thus warrants protection. *See, e.g.*, See *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 U.S. Dist. LEXIS 53529 at *2 (S.D.N.Y. March 22, 2021) (granting motion to redact portions of excerpt of deposition and noting that "the proposed redactions cover material that, if disclosed, would competitively harm Flambeau. For instance, a competitor could use information concerning sales figures to upend the puzzle cube market and disrupt the Quick Cube's business model.").

ABC has redacted expert reports and expert deposition transcripts where appropriate. ABC notes that the excerpts of fact witness depositions identified in Exhibit A are so pervaded with the commercially sensitive, private information described in categories 1-2 above that redactions would be impracticable. Accordingly, ABC respectfully requests that fact witness deposition transcripts remain under seal.

Category 4: *ABC's Memoranda of Law and Rule 56.1 Statement of Undisputed Facts that include or discuss any of the above-mentioned categories.*

ABC has redacted portions of its Memorandum of Law and Rule 56.1 Statement of Undisputed Facts filed in support of its Motion for Summary Judgment, as well as portions of its Memorandum of Law in support of its Motion to Partially Exclude the Testimony of Joel H. Steckel where appropriate. Those redacted portions warrant protection for the reasons identified above.

Accordingly, ABC respectfully requests that this Court enter an Order sealing the documents listed on Exhibit A and granting leave to file the documents listed on Exhibit B with redactions. ABC thanks the Court for its time and consideration.

\*\*\*

The Honorable Paul A. Engelmayer
June 2, 2021
Page 4

        Respectfully submitted,
        HOLLAND & KNIGHT LLP


        */s/ Mark T. Goracke*
        Mark T. Goracke

cc: All counsel of record (*via ECF*)

        Granted.

        SO ORDERED.

        _____
        PAUL A. ENGELMAYER
        United States District Judge

June 4, 2021