# MAYER | BROWN

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910
www.mayerbrown.com

June 30, 2021

**Jonathan W. Thomas**
T: +1 212 506 2226

jwthomas@mayerbrown.com

**Via ECF**

The Honorable Paul A. Engelmayer
United States District Judge, S.D.N.Y.
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1305
New York, New York 10007

  Re: *Capri Sun GmbH v. American Beverage Corporation*; 1:19-cv-01422 (PAE)
    Identification of Sealed and Redacted Documents

Dear Judge Engelmayer:

  We represent Plaintiff Capri Sun GmbH ("Capri Sun") in the above-referenced civil action. Pursuant to Rule 4(B)(2) of the Court's Individual Rules and Practices in Civil Cases and the Protective Order entered in this action (DE 38), Capri Sun respectfully moves this Court for an Order:

  (1) sealing certain documents filed in support of Capri Sun's oppositions to (a) Defendant American Beverage Corporation's ("ABC" and together with Capri Sun, the "Parties") Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(A) and supporting papers (DE 94-98; 100-101; 108; 115) (the "ABC's SJ Papers"), and (b) ABC's *Daubert* Motion to Partially Exclude the Expert Testimony of Joel H. Steckel and supporting papers (DE 87-90; 93) ("ABC's Steckel *Daubert* Papers"), and

  (2) granting leave to file certain documents filed in support of those oppositions with redactions, for the reasons set forth herein.

  Pursuant to this Court's order on June 4, 2021, the Court has granted motions from the Parties seeking leave to file their summary judgment and *Daubert* motion papers and related exhibits under seal and/or with redactions. *See* DE 117-18. Accompanying the filing of this letter motion, Capri Sun is also filing its: (1) Opposition to ABC's SJ Papers, which includes (a) the Declaration of A. John. P. Mancini dated June 30, 2021, together with the exhibit annexed thereto and (b) an accompany response to ABC's Rule 56.1 Statement of Material Facts in Support of its Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(A), and (2) Opposition to ABC's

The Honorable Paul A. Engelmayer
June 30, 2021
Page 2

Steckel *Daubert* Papers, which includes (a) the Declaration of A. John P. Mancini dated June 30, 2021, together with exhibits annexed thereto (collectively, "Capri Sun's Opposition Papers").

Capri Sun's Opposition Papers reflect materials that this Court permitted to be filed under seal and/or with redactions in its June 4, 2021 Orders. *See* DE 117-18. Pursuant to Rule 4(B)(2) of the Court's Individual Rules and Practices in Civil Cases, Capri Sun writes to identify the documents included in its Opposition Papers that Capri Sun requests to be filed under seal and the documents that Capri Sun seeks to file with redactions, as well as the bases for sealing or redacting those documents.

Capri Sun has identified each document to be filed under seal (listed on **Exhibit A** to this letter motion) or with redactions (listed on **Exhibit B** to this letter motion) and the bases for such designations.

Capri Sun respectfully submit that good cause exists for such sealing and/or redactions, as each of the documents or passages identified for sealing or redaction is not only designated "Confidential" or "Attorneys' Eyes Only" pursuant to the July 28, 2019, Protective Order in this matter, Doc. No. 38, but also falls into one or more of the following categories that further justify sealing, namely: "[a]ll of these documents 'fall[ ] into categories commonly sealed[:] those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.' . . . Non-public data of this nature 'is sensitive and potentially damaging if shared with competitors.'" *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, No. 1:19-CV-010125 (ALC), 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (*quoting Hypnotic Hats, Ltd. v. Wintermantel Enterprises, LLC*, 335 F.Supp.3d 566, 600 (S.D.N.Y. Sept. 28, 2018) and *New York v. Actavis, PLC*, No. 14 Civ. 74732014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014)).

The documents and/or information that the parties seek to seal or redact fall within one or more of four categories of protected information, as further detailed below.

> 1. *Confidential business/marketing strategy documents, including internal, confidential and commercially sensitive business communications concerning marketing, existing products, new products, and current or potential customers and/or confidential competitive analysis that, if made public, would commercially or competitively disadvantage the disclosing party.*

As to these documents, this Court has recently noted that "'Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard'" and that "'[d]ocuments falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.'" *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021), granting motion to seal and quoting *Rensselaer Polytechnic Inst. v. Amazon.com, Inc.*, 2019 WL 2918026, at *2 (N.D.N.Y. June 18, 2019) and *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y.

The Honorable Paul A. Engelmayer
June 30, 2021
Page 3

1999). *See also Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales).

> 2. *Sensitive agreements with business counterparties or information regarding negotiations with contract counterparties that, if made public, would commercially or competitively disadvantage the disclosing party or its business partners, or would harm the disclosing party's ability to enter into such negotiations or agreements with third parties in the future.*

Documents of this nature – containing information revealing the terms of such contracts or the content of such confidential negotiations are among those this Court routinely recognizes as justifying protection from the public view when used in litigation. *See Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 U.S. Dist. LEXIS 53529 at *2 (S.D.N.Y March 22, 2021) (granting motion to redact and seal documents containing the terms of confidential trademark licensing agreements between RBL and its licensees and noting that "[d]isclosure of these contractual terms could harm RBL and/or its business partners by disadvantaging them in negotiating future licensing agreements. Indeed, courts in this District have granted motions to seal in order to protect these sorts of competitive interests."); *Id.* at *3 (noting that redaction of "materials contain confidential information concerning marketing strategy as well as terms of agreements between RBL and its licensees and related invoices that concern the funding of the program. . . are warranted to prevent competitive harm to RBL and its business partners based on the information contained in these documents"); *Skyline Steel, LLC v. PilePro*, LLC, 101 F. Supp. 3d 394, 412–13 (S.D.N.Y. 2015), on reconsideration in part, No. 13-CV-8171 JMF, 2015 WL 3739276 (S.D.N.Y. June 15, 2015) (granting motion to seal emails revealing confidential negotiations between Skyline and its customers).

> 3. *Highly confidential non-public financial information and analysis that, if made public, would commercially or competitively disadvantage the disclosing party.*

Confidential corporate financial documents and budgets are among those documents frequently recognized by this Court as appropriately sealed. *See*, *e.g*., *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal documents containing highly proprietary material concerning the party's marketing strategies, product development, costs, and budgeting); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412 (S.D.N.Y. 2015), on reconsideration in part, No. 13-CV-8171 JMF, 2015 WL 3739276 (S.D.N.Y. June 15, 2015) (granting motion to seal highly confidential sales information, including pricing information which is not available to the public).

> 4. *Excerpts of deposition transcripts and expert reports that include or discuss any of the above-mentioned categories or discovery responses.*

The Honorable Paul A. Engelmayer
June 30, 2021
Page 4

The deposition transcripts or expert reports that the parties seek to seal or redact contain information that falls into the above three categories, and thus warrants protection. *See*, *e.g.*, *See Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 U.S. Dist. LEXIS 53529 at *2 (S.D.N.Y March 22, 2021) (granting motion to redact portions of excerpt of deposition and noting that "the proposed redactions cover material that, if disclosed, would competitively harm Flambeau. For instance, a competitor could use information concerning sales figures to upend the puzzle cube market and disrupt the Quick Cube's business model.").

Capri Sun has redacted expert reports and expert deposition transcripts where appropriate. Capri Sun notes that the transcripts of fact witness depositions are so pervaded with the commercially sensitive, private information described in categories 1-3 above that redactions would be impracticable. Accordingly, Capri Sun further respectfully request that fact witness deposition transcripts remain under seal.

Capri Sun thanks the Court for its time and consideration.

Respectfully submitted,

*/s/ Jonathan W. Thomas*
Jonathan W. Thomas

cc: All counsel of record (*via ECF*)