# Holland & Knight

10 St. James Avenue | Boston, MA 02116 | T 617.523.2700 | F 617.523.6850
Holland & Knight LLP | www.hklaw.com

Mark T. Goracke | +1 617-305-2146 | Mark.Goracke@hklaw.com

July 14, 2021

**VIA ECF**

The Honorable Paul A. Engelmayer
United States District Judge, S.D.N.Y.
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1305
New York, New York 10007

      Re:    *Capri Sun GmbH v. American Beverage Corp.*, 1:19-cv-01422 (PAE)

Dear Judge Engelmayer:

      We represent Defendant American Beverage Corporation ("ABC") in the above-referenced civil action. Pursuant to Rule 4(B)(2) of the Court's Individual Rules and Practices in Civil Cases and the Protective Order entered in this action (DE 38), ABC respectfully moves this Court for an order: (1) sealing certain documents filed in support of ABC's Reply Memorandum of Law in Support of its Motion for Summary Judgment (DE 94) and (2) granting leave to file that reply memorandum and certain supporting documents with redactions, for the reasons set forth herein.

      On June 1 and June 2, 2021, the Parties filed letter motions seeking leave to file their summary judgment and *Daubert* motion papers and related exhibits under seal and/or with redactions. *See* DE 84-86. The Court granted those motions on June 4, 2021. *See* DE 117-18. On June 30, 2021, the Parties filed additional letter motions seeking leave to file their summary judgment and *Daubert* opposition papers and related exhibits under seal and/or with redactions. *See* DE 120, 130. The Court granted those motions on July 6, 2021. *See* DE 141-42. Contemporaneously with the filing of this letter motion, ABC is also filing (1) its Reply Memorandum of Law in Support of its Motion for Summary Judgment, which includes (a) the Declaration of Mark T. Goracke dated July 14, 2021, together with the exhibits annexed thereto, and (b) an accompanying response to Capri Sun's Rule 56.1 Counter-Statement of Material Facts in Support of its Opposition to ABC's Motion for Summary Judgment (collectively, the "Reply Papers").

      ABC's Reply Papers quote from and refer to materials that this Court permitted to be filed under seal and/or with redactions in its June 4 and July 6, 2021 Orders. *See* DE 117-18, 141-42. Pursuant to Rule 4(B)(2) of the Court's Individual Rules and Practices in Civil Cases, ABC writes to identify the documents included in its Reply Papers that ABC requests to be filed under seal and the documents that ABC seeks to file with redactions, as well as the bases for sealing or redacting those documents.

      ABC respectfully submits that good cause exists for sealing the documents listed in the attached Exhibit A and granting leave to file the documents listed in the attached Exhibit B with

redactions because (1) the material has been sealed and/or redacted following the Court's June 4 and July 6, 2021 Orders (*see* DE 117-18, 141-42); (2) each of the documents identified is designated "CONFIDENTIAL" and "OUTSIDE COUNSEL'S EYES ONLY" pursuant to the protective order (DE 38); and/or (2) because the documents also fall into one of more of the following categories that further justifies sealing or redaction. *See Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, No. 1:19-CV-010125 (ALC), 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (quoting *Hypnotic Hats, Ltd. v. Wintermantel Enterprises, LLC*, 335 F.Supp.3d 566, 600 (S.D.N.Y. Sept. 28, 2018) and *New York v. Actavis, PLC*, No. 14 Civ. 74732014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) for the proposition that "[a]ll of these documents 'fall[ ] into categories commonly sealed[:] those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.' . . . Non-public data of this nature 'is sensitive and potentially damaging if shared with competitors.'").

Category 1: *Confidential business/marketing strategy documents, including internal, confidential and commercially sensitive business communications concerning marketing, existing products, new products, and current or potential customers and/or confidential competitive analysis that, if made public, would commercially or competitively disadvantage the disclosing party.*

This Court has recently noted that "'Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard'" and that "'[d]ocuments falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.'" *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021), granting motion to seal and quoting *Rensselaer Polytechnic Inst. v. Amazon.com, Inc.*, 2019 WL 2918026, at *2 (N.D.N.Y. June 18, 2019) and *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999). *See also Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales).

Category 2: *Highly confidential non-public financial information and analysis that, if made public, would commercially or competitively disadvantage the disclosing party.*

Confidential corporate financial documents and budgets are among those documents frequently recognized by this Court as appropriately sealed. *See*, *e.g.*, *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal documents containing highly proprietary material concerning the party's marketing strategies, product development, costs and budgeting); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412 (S.D.N.Y. 2015), on reconsideration in part, No. 13-CV-8171 JMF, 2015 WL 3739276 (S.D.N.Y. June 15, 2015) (granting motion to seal

highly confidential sales information, including pricing information which is not available to the public).

Category 3: *Excerpts of deposition transcripts and expert reports that include or discuss any of the above-mentioned categories.*

The deposition transcript that ABC seeks to seal contains information that falls into the above two categories, and thus warrants protection. *See*, *e.g.*, *See Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 U.S. Dist. LEXIS 53529 at *2 (S.D.N.Y. March 22, 2021) (granting motion to redact portions of excerpt of deposition and noting that "the proposed redactions cover material that, if disclosed, would competitively harm Flambeau. For instance, a competitor could use information concerning sales figures to upend the puzzle cube market and disrupt the Quick Cube's business model.").

In line with its previous filings, ABC respectfully requests that this deposition transcript remain under seal.

Category 4: *ABC's Memoranda of Law in support of its Reply Papers and its Response to Capri Sun's Rule 56.1 Counter-Statement of Material Facts that include or discuss any of the above-mentioned categories.*

ABC has redacted portions of its Reply Papers where appropriate. Those redacted portions warrant protection for the reasons identified above.

Accordingly, ABC respectfully requests that this Court enter an Order sealing the documents listed on Exhibit A and granting leave to file the documents listed on Exhibit B with redactions. ABC thanks the Court for its time and consideration.

Respectfully submitted,
HOLLAND & KNIGHT LLP

*/s/ Mark T. Goracke*
Mark T. Goracke

cc: All counsel of record (*via ECF*)

Granted.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

July 16, 2021