UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

CAPRI SUN GMBH,

                           Plaintiff,                         19 Civ. 1422 (PAE)

                             -v-                                 ORDER

AMERICAN BEVERAGE CORPORATION,

                           Defendant.

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

      In its Rule 7.1 corporate disclosure statement, filed February 15, 2019, plaintiff Capri Sun GmbH stated that it is a wholly owned subsidiary of Capri Sun AG, Switzerland, which plaintiff in turn described as a wholly owned subsidiary of Capri Sun Group Holding AG, Switzerland. None of these entities, plaintiff stated, is a publicly traded company. Dkt. 6.

      Argument on the pending cross-motions for summary judgment in this case is scheduled for March 17, 2022. In the course of preparation for argument, the Court noted that the parties' the joint stipulation of facts states that (1) in 1990, plaintiff's predecessor-in-interest entered into an exclusive licensing agreement with non-party Capri Sun, Inc., *see* Dkt. 78 ¶¶ 30, 32; and that (2) in 1991, Capri Sun, Inc. was acquired by non-party Kraft General Foods, Inc. *See id.* ¶ 36.

      As the Court annually discloses in its publicly available financial disclosure statement, the Court's immediate family owns stock in Berkshire Hathaway, Inc., which today owns approximately 26% of the Kraft Heinz Company ("Kraft Heinz"), which the Court understands to be a parent company of Kraft General Foods, Inc. It does not appear that Kraft Heinz has any interest or has had any such interest in plaintiff during this litigation, or that Capri Sun, Inc., has ever been a party to this case. However, were Kraft Heinz to have a controlling interest (defined

1

as 10% or more) in a party to this case—as opposed to in a licensee of the plaintiff—the Court would be required to recuse, under Advisory Opinion No. 57 of the Committee on Codes of Conduct of the Judicial Conference of the United States.

In the interests of assuring the absence of such a conflict, the Court accordingly asks plaintiff promptly to confirm, by letter filed on the docket of this case due Wednesday, March 9, 2022, that, consistent with its Rule 7.1 corporate disclosure statement, (1) Kraft Heinz does not own a controlling interest in plaintiff and has not owned any such interest in plaintiff at any point since this litigation was commenced; and (2) that Capri Sun, Inc., is not and at no point has been a party to this litigation.

Further, although the Court's initial assessment is that its continuing service on this case is compatible with 28 U.S.C. § 455(a), which requires disqualification in any proceeding in which the Court's "impartiality might reasonably be questioned," the Court invites the parties to assess for themselves, based on their superior knowledge of this matter, whether Berkshire Hathaway's interest in a licensee of the plaintiff requires disqualification under this standard. The Court asks the parties to confer and, by Friday, March 11, 2022, submit a joint letter stating whether either party believes disqualification is required under § 455(a), and if so, on what basis. For avoidance of doubt, in the event the parties have differing views on this question, the letter should be written so as not to identify the party urging recusal.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: March 7, 2022
New York, New York

2