# Holland & Knight

10 St. James Avenue | Boston, MA 02116 | T 617.523.2700 | F 617.523.6850
Holland & Knight LLP | www.hklaw.com
Mark T. Goracke | +1 617-305-2146 | Mark.Goracke@hklaw.com

June 29, 2022

**VIA ECF**

The Honorable Paul A. Engelmayer
United States District Judge, S.D.N.Y.
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1305
New York, New York 10007

     Re:    *Capri Sun GmbH v. American Beverage Corp.*, 1:19-cv-01422 (PAE)

Dear Judge Engelmayer:

     We represent Defendant American Beverage Corporation ("ABC") in the above-referenced civil action. Pursuant to Rule 4(B)(2) of the Court's Individual Rules and Practices in Civil Cases and the Protective Order entered in this action (DE 38), ABC respectfully moves this Court for an order: (1) sealing certain documents filed in support of ABC's omnibus Motions *In Limine* and (2) granting leave to file ABC's omnibus Motions *In Limine* with redactions, for the reasons set forth herein.

     On July 8, 2019, the Court entered a Protective Order in this action that governs the use of confidential discovery materials. Pursuant to the Protective Order, information or materials produced by any party or nonparty as part of discovery in this action may be designated as "CONFIDENTIAL" or "OUTSIDE COUNSEL'S EYES ONLY." *See* DE 38 at Article 5. Furthermore, the Protective Order specifies that "the Party seeking to file or submit the Protected Material to the Court shall request that the portion(s) of the document(s) containing the Protected Materials be filed under seal by way of a written application and proposed order, along with the portion(s) of the document(s) submitted for filing under seal, in accordance with the Local Rules." *See* DE 38 at Article 13.

     Contemporaneously with the filing of this letter motion, ABC is also filing its Motions *In Limine* and supporting papers thereto, which include the Declaration of Mark T. Goracke dated June 29, 2022 ("Goracke Declaration"), together with the exhibits annexed thereto. ABC intends to rely on and submit to this Court materials and information designated "CONFIDENTIAL" and "OUTSIDE COUNSEL'S EYES ONLY" in connection with its Motions *In Limine*. Pursuant to Rule 4(B)(2) of the Court's Individual Rules and Practices in Civil Cases, ABC writes to identify the documents that ABC requests to be filed under seal, as well as the bases for filing its Motions *In Limine* with redactions and sealing those documents.

     ABC respectfully submits that good cause exists for filing Exhibits 25 (Dkt. No. 79-194) (OS000067) (a document produced by non-party Ocean Spray Cranberries, Inc.), 26 (excerpts from the deposition transcript of non-party Christopher O'Connor, testifying on behalf of Ocean Spray Cranberries, Inc.), and 30 (Dkt. No. 79-113) (CSInc_01273) (a document produced by non-

The Honorable Paul A. Engelmayer
June 29, 2022
Page 2

party Capri Sun Inc., or "Kraft") to the Goracke Declaration under seal because (1) each of these exhibits is designated "CONFIDENTIAL" or "OUTSIDE COUNSEL'S EYES ONLY" pursuant to the protective order; (2) Exhibits 25 and 30, and the majority of deposition testimony excerpts from Exhibit 26 have already been sealed following the Court's June 4, 2021 Order (Dkt. No. 118); and (3) each of these exhibits falls under categories that further justify redaction. *See Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, No. 1:19-CV-010125 (ALC), 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (*quoting Hypnotic Hats, Ltd. v. Wintermantel Enterprises, LLC*, 335 F.Supp.3d 566, 600 (S.D.N.Y. Sept. 28, 2018) and *New York v. Actavis, PLC*, No. 14 Civ. 7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) for the proposition that "[a]ll of these documents 'fall[ ] into categories commonly sealed[:] those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.' . . . Non-public data of this nature 'is sensitive and potentially damaging if shared with competitors.'").

Specifically, Exhibits 25 and 30 are documents that contain internal, confidential and commercially sensitive business communications concerning marketing, existing products, new products, and current or potential customers, and/or confidential competitive analysis that, if made public, would commercially or competitively disadvantage the party that produced the document; and Exhibit 26 contains excerpts from a deposition transcript that discusses the aforementioned types of information.  This Court has recently noted that "'Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard'" and that "'[d]ocuments falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.'" *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (granting motion to seal and quoting *Rensselaer Polytechnic Inst. v. Amazon.com, Inc.*, 2019 WL 2918026, at *2 (N.D.N.Y. June 18, 2019) and *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999)).  *See also Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales); *Rubik's Brand Ltd. v. Flambeau, Inc.*, 17-CV-6559, 2021 U.S. Dist. LEXIS 53529, at *2 (S.D.N.Y. March 22, 2021) (granting motion to redact portions of excerpt of deposition and noting that "the proposed redactions cover material that, if disclosed, would competitively harm Flambeau. For instance, a competitor could use information concerning sales figures to upend the puzzle cube market and disrupt the Quick Cube's business model.").

ABC also respectfully submits that good cause exists for redacting limited portions of ABC's Motions *In Limine* because (1) the portions ABC seeks to redact are either direct quotes from or directly rely on documents that have been sealed following the Court's June 4, 2021 Order (*see* DE 85, 85-1, 118); and (2) the portions are direct quotes from or directly rely on documents that fall into categories that further justify redaction.  *See Tyson Foods*, 2020 WL 5819864, at *2. Specifically, the portions ABC seeks to redact are direct quotes from or rely directly on (1) documents that contain internal, confidential and commercially sensitive business communications concerning marketing, existing products, new products, and current or potential customers and/or

2

The Honorable Paul A. Engelmayer
June 29, 2022
Page 3

confidential competitive analysis that, if made public, would commercially or competitively disadvantage ABC, and (2) excerpts of deposition transcripts that discuss the aforementioned documents.  *See Kewazinga*, 2021 WL 1222122, at *3.  *See also Louis Vuitton Malletier*, 97 F. Supp. 3d at 511; *Rubik's Brand*, 2021 U.S. Dist. LEXIS 53529, at *2.

Accordingly, ABC respectfully requests that this Court grant ABC's request to (1) redact certain portions of its Motions *In Limine* and (2) file certain exhibits filed in support thereof under seal.  ABC thanks the Court for its time and consideration.

> Respectfully submitted,
> HOLLAND & KNIGHT LLP
>
> */s/ Mark T. Goracke*
> Mark T. Goracke

cc: All counsel of record (*via ECF*)

The Court grants ABC's motion to file its omnibus motion *in limine* with the redactions it has proposed, and to file exhibits 25, 26, and 30 to that omnibus motion under seal.  The Clerk of Court is respectfully directed to close the motion pending at Dkt. 215.  SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: June 30, 2022