# MAYER | BROWN

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910
www.mayerbrown.com

September 27, 2023

**Via ECF**

Gina M. Parlovecchio
Partner
T: +1 212 506 2522
gparlovecchio@mayerbrown.com

The Honorable Paul A. Engelmayer
United States District Judge, S.D.N.Y.
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1305
New York, New York 10007

Re:   *Capri Sun GmbH v. Am. Beverage Corp.*; 1:19-cv-01422-PAE
      Identification of Sealed Documents

Dear Judge Engelmayer:

We represent Plaintiff Capri Sun GmbH ("Capri Sun") in the above-referenced civil action. Pursuant to Rule 4(B)(2) of the Court's Individual Rules and Practices in Civil Cases and the Protective Order entered in this action (ECF 38), we write jointly with counsel for Defendant American Beverage Corporation ("ABC," together with Capri Sun, the "Parties"), requesting an order sealing twenty-one documents intended for use as exhibits at trial.

The Parties have met and conferred in good faith and have identified each document to be filed under seal, listed on **Exhibit A** to this letter–motion together with the bases for such designations.

The Parties respectfully submit that good cause exists for such sealing, as each of the documents identified for sealing is not only designated "Confidential" or "Attorneys' Eyes Only" pursuant to the July 28, 2019, Protective Order in this matter, ECF 38, but also falls into one or more of the following categories that further justify sealing, namely: "[a]ll of these documents 'fall into categories commonly sealed: those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.' Non-public data of this nature 'is sensitive and potentially damaging if shared with competitors.'" *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (alterations incorporated) (citation omitted) (first quoting *Hypnotic Hats, Ltd. v. Wintermantel Enters.*, 335 F.Supp.3d 566, 600 (S.D.N.Y. Sept. 28, 2018); and then quoting *New York v. Actavis, PLC*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014)).

The documents and/or information that the parties seek to seal or redact fall within one or more of four categories of protected information, as further detailed below.

Mayer Brown LLP

The Honorable Paul A. Engelmayer
September 27, 2023
Page 2

> 1. *Confidential business/marketing strategy documents, including internal, confidential and commercially sensitive business communications concerning marketing, existing products, new products, and current or potential customers and/or confidential competitive analysis that, if made public, would commercially or competitively disadvantage the disclosing party.*

"'Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.'" *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (granting motion to seal) (quoting *Rensselaer Polytechnic Inst. v. Amazon.com, Inc.*, 2019 WL 2918026, at *2 (N.D.N.Y. June 18, 2019). "'Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.'" *Id.* quoting *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999)) *see also Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales).

> 2. *Sensitive agreements with business counterparties or information regarding negotiations with contract counterparties that, if made public, would commercially or competitively disadvantage the disclosing party or its business partners, or would harm the disclosing party's ability to enter into such negotiations or agreements with third parties in the future.*

Documents of this nature—containing information revealing the terms of such contracts or the content of such confidential negotiations—are among those that courts routinely recognize as justifying protection from the public view when used in litigation. *See Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *1 (S.D.N.Y March 22, 2021) (granting motion to redact and seal documents containing the terms of confidential trademark licensing agreements between RBL and its licensees, and noting that "[d]isclosure of these contractual terms could harm RBL and/or its business partners by disadvantaging them in negotiating future licensing agreements. Indeed, courts in this District have granted motions to seal in order to protect these sorts of competitive interests."); *see also id.* (noting that because "materials contain confidential information concerning marketing strategy as well as terms of agreements between RBL and its licensees and related invoices that concern the funding of the program," then "[r]edactions are warranted to prevent competitive harm to RBL and its business partners based on the information contained in these documents"); *Skyline Steel, LLC v. PilePro*, LLC, 101 F. Supp. 3d 394, 412–13 (S.D.N.Y. 2015), *on reconsideration in part*, 2015 WL 3739276 (S.D.N.Y. June 15, 2015) (granting motion to seal emails revealing confidential negotiations between Skyline and its customers).

Mayer Brown LLP

The Honorable Paul A. Engelmayer
September 27, 2023
Page 3

> 3. *Highly confidential non-public financial information and analysis that, if made public, would commercially or competitively disadvantage the disclosing party.*

Confidential corporate financial documents and budgets are among those documents frequently recognized as appropriately sealed. *See, e.g., See Louis Vuitton*, 97 F. Supp. 3d at 511 (granting motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal documents containing highly proprietary material concerning the party's marketing strategies, product development, costs, and budgeting); *Skyline Steel*, 101 F. Supp. 3d at 412 (granting motion to seal highly confidential sales information, including pricing information which is not available to the public).

> 4. *Excerpts of deposition transcripts, expert reports, or other discovery materials that include or discuss any of the above-mentioned categories or discovery responses.*

The discovery materials that the parties seek to seal or redact contain information that falls into the above three categories, and thus warrant protection. *See, e.g., See Rubik's Brand*, 2021 WL 1085338, at *1 (granting motion to redact portions of excerpt of deposition and noting that "the proposed redactions cover material that, if disclosed, would competitively harm Flambeau. For instance, a competitor could use information concerning sales figures to upend the puzzle cube market and disrupt the Quick Cube's business model.").

The Parties thank the Court for its time and consideration.

Respectfully submitted,

*/s/ Gina M. Parlovecchio*
Gina M. Parlovecchio

cc: Counsel of record (via ECF)

Granted.  SO ORDERED.

Dated: September 28, 2023
New York, New York

_____
PAUL A. ENGELMAYER
United States District Judge